# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>                    Plaintiff,<br><br>  v.<br><br>APPLE SEVEN SERVICES SAN DIEGO, INC., *et al.*,<br><br>                    Defendants. | Case No. 20-cv-02385-BAS-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 3); AND**<br><br>**(2) DEFERRING PLAINTIFF'S REQUEST TO AMEND THE PLEADING.** |

      Plaintiff Orlando Garcia ("Plaintiff") filed this Complaint containing two counts for violations of the Americans with Disabilities Act ("ADA") and the California Unruh Act. Defendants Apple Seven Services San Diego, Inc. and Apple Seven Services SPE San Diego, Inc. ("Defendants") have moved to dismiss for failure to state a claim upon which relief can be granted. (Mot. to Dismiss, ECF No. 3.) Plaintiff has responded (Opp'n, ECF No. 4) and Defendants have replied (ECF No. 5). The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Defendants' Motion to Dismiss ("Motion"). (ECF No. 3.)

## I.  BACKGROUND[1]

Plaintiff claims he is a disabled individual who suffers from cerebral palsy. (Compl. ¶ 1.) Plaintiff alleges he is substantially limited in his ability to walk, uses a wheelchair, walker, or cane for mobility, and can use only one arm. (*Id.*) Plaintiff alleges that he "needs clearance around beds, he needs accessible restroom facilities including accessible sinks, accessible tubs or showers and accessible toilets.  He needs sufficient maneuvering clearance in and around the guestroom.  He needs accessories to be located within an accessible range." (*Id.* ¶ 14.)

Plaintiff planned on making a trip to San Diego, California in November of 2020. (*Id.* at ¶ 12.) Plaintiff decided to book a hotel room at the Courtyard by Marriott San Diego Central because of its "desirable price and location." (*Id.* at ¶ 13.)  On October 3, 2020, Plaintiff says he visited Marriott's website   https://www.marriott.com/hotels/travel/sancy-courtyard-san-diego-19central/ and found "little information about the accessibility of the rooms." (*Id.* at ¶¶ 15–16.)  Specifically, Plaintiff states the website only contained vague, conclusory statements, such as an "Accessibility" tab that "mentions features such as: 'Business center,' 'Pool accessible,' 'Public entrance alternative,' 'Accessible self-parking,' and 'Fitness center.'" (*Id.* at ¶ 16.)  As for the rooms, Plaintiff alleges the website contained language such as "'Bathroom grab bars,' 'Roll in shower,' 'Doors with lever handles' and 'Deadbolt locks lowered.'"  Under the various room tabs, it makes statements such as "'[t]his room type offers mobility accessible rooms,' and '[t]his room type offers accessible rooms with transfer showers.'" (*Id.*)

Plaintiff claims Defendants violate the ADA and a provision of the implementing regulation, 28 C.F.R. § 36.302(e)(1)(ii), also known as the Reservations Rule.  Plaintiff argues that Defendants' website did "not contain enough information to allow Plaintiff to independently assess if the room and hotel are accessible." (*Id.*)  Plaintiff further argues

---

[1] All facts are taken from the Complaint.  For the purposes of these motions, the Court assumes all facts alleged in the Complaint are true. *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

that Defendants "failed to modify its reservation policies and procedures to ensure that it identified and described accessible features in the hotels and guest rooms in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." (*Id.* at ¶ 23.)

For the same reasons, Plaintiff argues that Defendants have violated the Unruh Civil Rights Act. (*Id*. ¶¶ 24–26.)

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original)). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that

[he or she] has not alleged or that defendant[] ha[s] violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III. ANALYSIS

#### A. Consideration of Defendants' Website

In a Rule 12(b)(6) motion to dismiss, the court cannot consider evidence outside the pleadings without converting the motion to a Rule 56 Motion for Summary Judgment. *U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). However, under the "incorporation by reference" doctrine, the Court can consider documents referenced in the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* at 908. When a document is so incorporated by reference into a complaint, "the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

Here, Plaintiff incorporates Defendants' website into the Complaint. The contents of the website form the basis of Plaintiff's Complaint because Plaintiff's core allegation is that the website does not contain enough information to satisfy the Reservations Rule of the ADA. (Compl. ¶ 17.) Furthermore, the Complaint makes extensive references to the website: it states that Plaintiff went to "https://www.marriott.com/hotels/travel/sancy-courtyard-san-diego-central/ on October 3, 2020," and quotes the website in multiple parts. (*Id.* ¶¶ 15–16.) Therefore, the Court may look to Defendants' website (as it appeared on October 3, 2020) to determine whether Plaintiff's complaint states a plausible claim for relief without converting the 12(b)(6) motion to dismiss to a Rule 56 Motion for Summary Judgment. *See Ritchie*, 342 F.3d at 908; *see, e.g.*, *Arroyo v. Huskies Owner LLC*, 2021 WL 2711736 1, 2 (N.D. Cal. 2021) (considering screenshots of a hotel's website under the doctrine of incorporation by reference). Defendants provide screenshots of the website as

exhibits 1 and 2 to their Motion to show the accessibility information on Defendant's website, which the Court will consider.

### B.  Plaintiff's ADA Claim

Based on the contents of Defendants' website and the US Department of Justice (DOJ) guidelines on the ADA, the Reservations Rule is satisfied.  Under Title III of the ADA, discrimination "on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation" is prohibited.  42 U.S.C. § 12182(a).  In order to have a valid Title III claim, a plaintiff must prove that "(1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)–(b)).  Only the third requirement is at issue in the present motion.

The ADA contains regulations for public accommodations that operate a place of lodging. The Reservations Rule states that hotels must "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservation service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs."  28 C.F.R. § 36.302(e)(1)(ii).  The DOJ provides the following guidance on what hotel websites must include to satisfy the Reservations Rule:

> The Department recognizes that a reservations system is not intended to be an accessibility survey. However, specific information concerning accessibility features is essential to travelers with disabilities. Because of the wide variations in the level of accessibility that travelers will encounter, the Department cannot specify what information must be included in every instance. For hotels that were built in compliance with the 1991 Standards, *it may be sufficient to specify that the hotel is accessible and, for each accessible*

> *room, to describe the general type of room (e.g. deluxe executive suite), the size and number of beds (e.g. two queen beds), the type of accessible bathing facility (e.g. roll-in shower), and communications features available in the room (e.g. alarms and visual notification devices).* Based on that information, many individuals with disabilities will be comfortable making reservations.
>
> For older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms.

28 C.F.R Pt. 36, App. A, "Title III Regulations 2010 Guidance and Section-by-Section Analysis" (the "2010 Guidance") (emphasis added).  Courts have held that DOJ manuals, such as the above ADA accessibility guidelines, are "entitled to substantial deference." *Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1069 (9th Cir. 2015) (quoting *Miller v. Cal. Speedway Corp.*, 536 F.3d 1020, 1028 (9th Cir. 2008)).  Therefore, the Court looks to the 2010 Guidance to evaluate Plaintiff's claim.

      Defendants' website complies with the Reservations Rule as set forth under the DOJ guidance. Under the "Guest Room Accessibility" heading, the website lists the features available in accessible rooms, such as bathroom grab bars, bathtub grab bars, a bathtub seat, hearing accessible rooms and/or kits, roll-in showers, shower wands, adjustable TVs with close-captioning, toilet seats at wheelchair height, and transfer showers.  (Defs.' Mot. to Dismiss Ex. 1.)  Furthermore, under "Room Accessibility & Bed Type," the website lists the type of room, such as "Guest room, 2 Queen," and lists which accessibility features are available in the room, including hearing accessible rooms and mobility accessible rooms with roll-in showers or tubs.  (Defs.' Mot. to Dismiss Ex. 2.)  Based on the DOJ guidelines, the above information is sufficient to satisfy the Reservations Rule.  *See* 28 C.F.R Pt. 36, App. A.

      The DOJ guidance states that "individuals with disabilities may wish to contact the hotel or reservations service for more detailed information." 28 C.F.R. Pt. 36, App. A. Accordingly, Defendants' website states "[f]or more information about the physical

features of our accessible rooms, common areas, or special services relating to a specific disability, please call +1 858-573-0700." (Ex. 1.)

Based on the above disclosures, the website follows the 2010 Guidance, as it describes "the general type of room . . . the size and number of beds . . . the type of accessible bathing facility . . . and communications features available in the room" and provides a phone number to call for those requiring additional information. 28 C.F.R Pt. 36, App. A. The Court thus finds that the website does not violate the Reservations Rule, and Plaintiff does not state a plausible claim for relief.

Additionally, Plaintiff alleges that Defendants' reservations system "fail[s] to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms." (Compl. ¶ 23.) This claim is conclusory because Plaintiff does not provide any factual allegations that would support this claim. "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements" are not enough to establish a plausible claim for relief to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 663. Therefore, the Court dismisses this claim.

### C.     Plaintiff's Unruh Civil Rights Act Claim

The Unruh Civil Rights Act provides that "[a] violation of the right of any individual under the [ADA] shall also constitute a violation" of the Unruh Act. Cal. Civ. Code § 51(f). Plaintiff's claim under the Unruh Act is predicated on the ADA claim. Having found that the ADA claim fails as a matter of law, the Unruh claim must be dismissed as well. *See Molski*, 481 F.3d at 731.

//
//
//
//
//

### D. Plaintiff's Motion to Amend the Pleading

In opposing Defendants' Motion, Plaintiff seeks the Court's leave to file a Second Amended Complaint with "additional factual allegations."[2] In light of concerns over the futility of a proposed amendment, the Court defers determining whether granting leave is appropriate until the Court may review a proposed amended pleading. If Plaintiff seeks to file a Second Amended Complaint, he must first file a noticed motion for leave to amend with the proposed pleading attached and in compliance with Civil Local Rule 15.1. Any motion to amend the pleading must be filed **on or before September 17, 2021**, in compliance with this Court's Standing Order. *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases ¶ 4.

### III. CONCLUSION

Defendant's Motion to Dismiss (ECF No. 3) is **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(6) and Plaintiff's Motion to Amend the Pleading is **DEFERRED**.

**IT IS SO ORDERED.**

**DATED: August 20, 2021**

Hon. Cynthia Bashant
United States District Judge

---

[2] (Pl.'s Ntc. of Qualified Non-Opposition to Mot. to Dismiss and Req. to Leave to Am. at 1:24–26.)