UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>                    Plaintiff,<br><br>  v.<br><br>APPLE SEVEN SERVICES SAN DIEGO, INC.; *et al.*,<br><br>                    Defendants. | Case No. 20-cv-02385-BAS-MDD<br><br>**ORDER:**<br><br>(1) **DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES (ECF No. 12); AND**<br><br>(2) **DENYING PLAINTIFF'S MOTION TO RETAX COSTS (ECF No. 23)** |

      Plaintiff Orlando Garcia brought this lawsuit challenging whether Marriott's website complies with the American with Disabilities Act. The dispute turned on the Reservations Rule—an ADA regulation addressing the accessibility information hotels post on their websites. The Court applied the Department of Justice's guidance on the Reservations Rule to dismiss Plaintiff's Complaint. Later, in another case, the Ninth Circuit held that the DOJ's guidance is entitled to deference and Marriott's website satisfies the ADA.

      Now before the Court is Defendants' motion for attorneys' fees. There is no doubt Plaintiff's claims had questionable merit. But the Court is unconvinced that this action was frivolous or unreasonable. Hence, the Court denies the request for attorneys' fees. The Court also denies Plaintiff's related motion to retax costs.

## I.     Background

Defendants "own and operate the Courtyard by Marriott San Diego." (Compl. ¶ 2.) Garcia alleged he reviewed Marriott's website, but the website provided insufficient information "about the accessibility of the rooms," which prevented him from assessing whether the hotel could accommodate his needs. (*Id.* ¶¶ 15–17.)  As a result, Garcia brought two causes of action against Defendants for allegedly violating the ADA and California's Unruh Civil Rights Act. (*Id.* ¶¶ 20–27.)

Defendants moved under Rule 12(b)(6) to dismiss the Complaint. (ECF No. 3.) After incorporating the Marriott website into the Complaint, the Court applied the Reservations Rule, 28 C.F.R. § 36.302(e)(1), to determine whether the website violates the ADA. (Dismissal Order 5:4–7:16, ECF No. 10.)  The Court also looked to the DOJ's guidance on what hotel websites must include to satisfy the Reservations Rule. (*Id.*)  After reasoning this guidance is entitled to substantial deference, the Court applied it to conclude Marriott's website satisfies the Reservations Rule. (*Id.* 7:3–16.)  The Court thus dismissed Plaintiff's claims without prejudice and set a deadline for him to move for leave to file an amended pleading. (*Id.* 8:1–10.)

After Plaintiff chose not to seek leave to amend, the Court dismissed the action with prejudice. (ECF No. 11.)  And because Defendants prevailed, the Clerk of Court taxed costs of $402—the filing fee for Defendants' Notice of Removal—against Plaintiff. (ECF No. 21.)

Defendants move for attorneys' fees. (Mot. for Att'ys' Fees ("Fee Mot."), ECF No. 12.)  Plaintiff opposes. (Fee Opp'n, ECF No. 17.)  Plaintiff also challenges the Clerk's determination on costs. (Mot. to Retax Costs ("Retax Mot."), ECF No. 23.)  Defendants object. (Retax Opp'n, ECF No. 25.)  The Court finds these motions suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1).

//
//

## II. Analysis

### A. Attorneys' Fees

Defendants request attorneys' fees under 42 U.S.C. § 12205. (Fee Mot. 11:17–18.) Under § 12205, the Court may award a party who prevails in a lawsuit filed under the ADA "a reasonable attorney's fee, including litigation expenses and costs." However, under *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 418–19 (1978), "fees should be granted to a defendant in a civil rights action only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Kohler v. Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1266 (9th Cir. 2015) (quoting *Summers v. A Teichert & Son*, 127 F.3d 1150, 1154 (9th Cir. 1997)). The purpose of awarding fees to a prevailing defendant is "to deter the bringing of lawsuits without foundation." *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 432 (2016) (quoting *Christiansburg*, 434 U.S. at 420).

Frivolous means "groundless or without foundation," not simply that the plaintiff lost the case. *Christiansburg*, 434 U.S. at 421. Hence, the court "should not 'engage in *post hoc* reasoning,' awarding fees simply 'because a plaintiff did not ultimately prevail.'" *Kohler*, 780 F.3d at 1266 (quoting *EEOC v. Bruno's Rest.*, 13 F.3d 285, 290 (9th Cir. 1993)). "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christiansburg*, 434 U.S. at 422.

Defendants first argue Plaintiff's action was frivolous when filed. (Fee Mot. 6:14–8:10, 13:18–28.) They point to several district court cases applying the Reservations Rule that predate this case, including one involving Marriott's website in 2017. *See, e.g.*, *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-CV-01409-HRL, 2017 WL 635474 (N.D. Cal. Feb. 16, 2017). (*See* Fee Mot. 6:12–8:10.) Although these decisions suggested Plaintiff's case would face an uphill battle, they do not now show Plaintiff's action was frivolous or unreasonable. None of those decisions bound this Court or foreclosed Plaintiff's claims. *Cf. Kohler*, 780 F.3d at 1267 (reasoning fees are not appropriate where claims raised

questions that "were not clearly resolved by [the Ninth Circuit's] prior caselaw interpreting the ADA").

Further, it was not until after the Court dismissed Plaintiff's claims that the Ninth Circuit first squarely addressed the Reservations Rule in *Love v. Marriott Hotel Services, Inc.*, 40 F.4th 1043 (9th Cir. 2022). There, after examining the regulatory framework, Judge McKeown resolved the parties' dispute over "how much deference we should afford the DOJ's interpretation of the Reservations Rule in the DOJ Guidance." *Id.* at 1047. She explained that the DOJ's guidance is entitled to controlling weight in light of the Reservation Rule's structure, history, and purpose. *Id.* at 1047. Then, in applying the DOJ's guidance, Judge McKeown concluded "Marriott's website passes muster" and affirmed the district court's dismissal of the plaintiff's complaint. *Id.* at 1048–49. Again, although this Court had reached the same result several months earlier, that does not mean this action was frivolous when filed. *See Kohler*, 780 F.3d at 1266 (cautioning courts from engaging in "*post hoc* reasoning").

Defendants also argue that even if the case was not frivolous when filed, it later reached that point. (Fee Mot. 8:12–11:15, 14:1–13.) Defendants highlight dozens of district court decisions that dismissed similar claims while Defendants' Rule 12(b)(6) motion awaited this Court's decision. (*Id.* 8:12–11:15.) Defendants argue Plaintiff was thus on notice that his claims were frivolous before this Court ruled on Defendants' motion. (*Id.* 6:3–11.) The Court remains unconvinced. Like the decisions predating the filing of Plaintiff's Complaint, those district court decisions were not binding on this Court. And it was not unreasonable for Plaintiff to wait for a ruling on Defendants' pending motion to dismiss. In addition, Defendants argue Plaintiff brought this case and others in bad faith because his counsel delayed decisions by filing amended pleadings with irrelevant changes (Fee Mot. 4:20–5:2.), but there is no evidence of such conduct here. Plaintiff abandoned his claims after the Court ruled on the decisive legal issues, and Defendants did not have to take any further action.

Finally, the Court notes a district court reached a similar conclusion in *Love v. CHSP TRS San Francisco LLC*, No. 20-CV-07259-DMR, 2022 WL 597034 (N.D. Cal. Feb. 28, 2022). There, the court reasoned that, "[a]bsent binding authority on the Reservations Rule," the plaintiff's complaint "was not wholly without merit to justify a statutory award of attorneys' fees to Defendant under the ADA." *Id.* at *4. The court also persuasively addresses many of the other arguments raised by Defendants here. *See id.* at *3–7, n.5. This Court is similarly unconvinced that fees should be awarded because of bad faith or that sanctions should be issued under 28 U.S.C. § 1927. *See id.* at *6 (reasoning sanctions under § 1927 are not warranted where the court adjudicated one dispositive motion and the litigation did not continue). Consequently, the Court denies Defendants' motion for attorneys' fees.

**B.   Costs**

The Clerk granted Defendants $402.00 in costs, which is the amount they paid to remove this case. (ECF No. 21.) Garcia moves to retax costs pursuant to Civil Local Rule 54.1. He argues "the award does not comply with Ninth Circuit precedent preventing cost shifting absent a showing of [*Christiansburg*] frivolousness, which was not made by this Court." (Retax Mot. 2 (citing *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001)).) Defendants argue the Supreme Court's decision twelve years later in *Marx v. General Revenue Corp.*, 568 U.S. 371, 377 (2013), leads to a different result. (Retax Opp'n 3:26–4:25.)

Under Rule 54(d), a prevailing party may recover costs, other than attorneys' fees, "unless a federal statute provides otherwise." Fed. R. Civ. P. 54(d). Rule 54 "codifies a venerable presumption that prevailing parties are entitled to costs." *Marx*, 568 U.S. at 377. In *Marx*, the Supreme Court examined a cost provision in the Fair Debt Collection Practices Act that allowed the court to award attorneys' fees and costs upon finding the action "was brought in bad faith or for the purpose of harassment." 568 U.S. at 373 (quoting 15 U.S.C. § 1692k(a)(3)). The issue was whether this discretionary provision meant Rule 54(d)'s presumption no longer applied. *Id.* The Supreme Court concluded the

FDCPA's fee-shifting provision "is not contrary to Rule 54(d)(1), and, thus, does not displace a district court's discretion to award costs under the Rule." *Id.* at 387–88.

By contrast, in *Brown*, which did not have the benefit of the Supreme Court's guidance, the Ninth Circuit reasoned that "[w]hen the federal statute forming the basis for the action has an express provision governing costs, . . . that provision controls over the federal rules." 246 F.3d at 1190. Therefore, because the ADA's fee-shifting provision—§ 12205—addressed both attorneys' fees and costs, the Ninth Circuit concluded "the *Christiansburg* test [for shifting fees] also applies to an award of costs to a prevailing defendant under the ADA." *Id.* at 1190.

The Court agrees with Defendants that the Supreme Court's analysis in *Marx* encompasses § 12205. Like the FDCPA provision examined in *Marx*, § 12205 is permissive. It allows the Court to award attorneys' fees and costs "in its discretion." 42 U.S.C. § 12205. Therefore, "§ 12205 is not contrary to Rule 54(d)(1) with respect to costs," and "§ 12205 does not displace Rule 54(d)(1)." *Garcia v. Gateway Hotel L.P.*, No. CV 20-10752 PA (GJSx), 2021 WL 4776352, at *2 (C.D. Cal. Aug. 4, 2021).

If "intervening Supreme Court authority is clearly irreconcilable" with Ninth Circuit precedent, "district courts should consider themselves bound by the intervening higher authority." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003). Courts have thus applied *Marx*, reasoning it is irreconcilable with *Brown* from many years prior. *See Garcia*, 2021 WL 4776352, at *2; *T.P. v. Walt Disney Parks & Resorts U.S. Inc.*, No. CV 15-05346-CJC(EX), 2022 WL 1054935, at *2 (C.D. Cal. Mar. 3, 2022). Other courts, albeit not bound by *Brown* to begin with, have reached the same result. *See M.T. v. Denver Publ. Sch. Dist.*, No. CV 18-338 PAB, 2018 WL 5298385, at *2 (D. Col. Oct. 24, 2018); *Webster v. Bd. of Supervisors*, No. CV 13-6613, 2016 WL 4467750, at *3 (E.D. La. Aug. 24, 2016).

The Court finds the reasoning from *Garcia*, 2021 WL 4776352, at *2–3, on this issue is sound. Consequently, "[a]lthough the Court applied the *Christiansburg* standard to Defendant[s]' Motion for Attorneys' Fees, and concluded that Defendant[s] [are] not entitled to fees under that standard, the Court concludes that, following *Marx*, Rule

54(d)(1) provides the appropriate standard for an award of costs in this action." *See id.* at *3.

In sum, the Court concludes that Rule 54(d)(1) allows Defendants to recover costs as the prevailing parties. There is no reason to disturb the Clerk's determination, and the Court denies Plaintiff's motion to retax costs.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion for attorneys' fees (ECF No. 12). The Court also **DENIES** Plaintiff's motion to retax costs (ECF No. 23).

**IT IS SO ORDERED.**

**DATED: September 26, 2022**

Hon. Cynthia Bashant
United States District Judge